(Decided 20th June, 1890.)

CHARLES SHIPLEY, Lessee *vs.* RICHARD H. JOHNS, JR., and others.

*Suggestion of Death of Party—Construction of the Code.*

Section 24 of Article 75 of the Code, provides that "no action of ejectment * * * shall abate by the death of * * * any of the parties to such action, but, upon the death of any defendant, the action shall be continued, and the heir or executor of the

Shipley, Lessee *vs.* Johns, *et al.*

defendant, or other person interested on the part of the defendant, may appear to such action; and, in case the proper person to defend doth not appear at the Court at which the death is suggested, the plaintiff may issue a summons, returnable to the next Court, directed to the proper person to defend such action,'' &c. HELD:

That if the proper party to represent the defendant does not suggest the death and appear at the term next after the death of the defendant, it is incumbent on the plaintiff to make the suggestion, and this he must do not later than the second term after he is informed or learns of the death.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, IRVING, FOWLER, and BRISCOE, J.

*D. K. Este Fisher,* and *W. Cabell Bruce,* for the appellant.

*William S. Bryan, Jr.,* and *Albert Ritchie,* for the appellees.

FOWLER, J., delivered the opinion of the Court.

On the 7th of May, 1870, Charles Shipley brought an action of ejectment against Richard H. Johns in the Superior Court of Baltimore City. The defendant appeared on the 9th of May, pleaded *non cul.* and issue was joined.

Nothing further was done in the case until March 22nd, 1889, when, as appears by the testimony of the deputy clerk of said Court, without any order of Court he entered on the docket continuances from January Term, 1871, to September Term, 1888, inclusive. On the same day the plaintiff suggested the death of the defendant, asking

that the case be continued, to the end that the heirs-at-law and widow of said defendant might appear and be admitted as defendants, and that summons might issue for them returnable at the next Court.

The defendant died on the first of January, 1886, and within three months thereafter the plaintiff was informed of that fact.   On the first of April, 1889, the appellees, being the widow and heirs-at-law of the defendant, were returned summoned by the sheriff; and on the 27th of May, 1889, they appeared in proper person only for the purpose of filing a motion to strike out all the continuances so entered, and for a judgment of *non pros.* After hearing the motion, the Court below sustained it, and entered a judgment of *non pros.* as prayed.   From this action of the Court the plaintiff has appealed.

At common law all actions abated by the death of either plaintiff or defendant; but our statute (Code Art. 75, sec. 24,) provides that "no action of ejectment * * * in any Court of law in this State shall abate by the death of either or any of the parties to such action; but upon the death of any defendant, the action shall be continued, and the heir or executor of the defendant, or other person interested on the part of the defendant, may appear to such action; and in case the proper person to defend doth not appear at the Court at which the death is suggested, the plaintiff may issue a summons, returnable to the next Court, directed to the proper person to defend such action; and upon such summons being served, the person summoned shall appear." According to the Rules of the Superior Court, the case having been continued twice, that is to say at the January and May Terms, 1871, it went on the *stet* docket, where it remained, under the operation of Rule 29 of said Court, until either plaintiff or defendant should give the notice required to bring it to trial.   And it may be assumed that the case, thus regularly on the *stet* docket, was

lawfully continued by consent of parties, and it could have been forced to trial or other disposition, under said Rule 29, until the first of January, 1886, when the defendant died.

The plaintiff contends that, inasmuch as the statute does not in express terms fix a definite time within which the suggestion of death must be made, it may be made at any time, at least, within twenty years from the time when the right to sue in ejectment accrued.

But with this view we cannot agree. The case under consideration is itself an illustration of the delay that may result from such a construction.

Nearly nineteen years after the action was brought, and more than three years after the plaintiff is informed of the defendant's death, it is proposed to file the suggestion and make the widow and heirs parties to the action.

While it is true that the statute does not fix the exact time when the suggestion shall be made, yet we think it entirely consistent with the due administration of justice, and the reasonable dispatch of the business of the Courts, that the plaintiff should be required to act promptly if he wishes to enforce his action against the heirs of the defendant.

After the death of the defendant became known to the plaintiff in March or April, 1886, he could at once have made that fact known to the Court, and the cause would have been continued, for the statute provides that upon the death of any defendant, the action shall be continued. But continued how long? Certainly not for three years and more after the death of the defendant became known to the plaintiff. We think a reasonable construction of the statute is that, if the proper party to represent the defendant does not suggest the death and appear at the term next after the death of defendant, it is incumbent on the plaintiff to make the suggestion at the second

term after the defendant's death, or after having knowledge of the same. And during the term at which the suggestion is made by him, the plaintiff should cause summons to issue returnable to the next Court, directed to the proper person to defend such action. If the construction contended for by the plaintiff were adopted, the result would be to delay and not to expedite business.

In Delaware where there is a statute in its general terms similar to section 24 of Art. 75 of our Code in regard to making new parties in case of death, prompt action is required on the part of those who desire to keep the action in force against the heirs or personal representatives of a deceased party. The Delaware statute provides that, "upon the death of one or more of several plaintiffs or defendants, in actions, wherein the cause of action survives, such actions shall not abate, but may be prosecuted by or against the surviving plaintiff or defendant."

And in the case of *Rowland vs. Bennett's Adm'r*, 4 *Harrington*, 329, it is stated that at the November Term, 1845, the plaintiff suggested the death of the defendant which took place in 1839, and moved that his executor be made a party. The Court say: "In the case now presented there has been a lapse of fourteen years, without doing anything in the premises, and we think it would be a bad precedent to make a party now on a suggestion of the death, and authorize a continuance of the old suit. The practice has uniformly been, in cases pending, to suggest the death *at the next term, and not after;* and there is no reason to depart in this case from the usual practice." And we believe the usual practice under our Maryland statute has been substantially the same. Of course, if the death of the defendant is unknown to the plaintiff, he cannot suggest it to the Court; but after he knows it, he must act, as we have said, with promptness, and make the suggestion not later than

Shipley, Lessee *vs.* Johns, *et al.*

the second term after he is informed or learns of the defendant's death. In opposition to this view the appellant relied very much upon the case of *Peirce and Pittman vs. Bank of Tennessee,* 1 *Swan,* 265. But that case is unlike the one at bar, in the important fact that there none of the parties were dead, and the question here involved could not possibly have arisen in that case. In disposing of the case the Court say: "Here was a suit regularly instituted and depending in Court. The parties have appeared * * * and prepared the case for trial. How, then, has the suit lost its *status* in the Court? Certainly not by any act, or omission, on the part of the plaintiff, adequate to produce such an effect. The mere delay of the plaintiff to bring the case to trial, for any number of terms after issue joined, is no cause of discontinuance. The fault of the delay is equally imputable to both" plaintiff and defendant.

But it is manifest that the Court was speaking of a case where the parties are both living and properly before it, for otherwise its opinion would have been in direct conflict, not only with its own prior decisions upon the same subject, but also with the provisions of the Code of Tennessee. *Sappington and Hickman vs. Crockett,* 1 *Yerger,* 103; *Code of Tenn.,* 1858, *sections* 2247 *and* 2248.

And so in the case of *Trippe, et al. vs. State, use of Cox, et al.,* 46 *Md.,* 517, this Court said "The case, it is true, has been pending for a long period of time, but the parties have been duly represented in Court by their respective counsel, and the docket entries show that it is brought up by regular continuances to the term at which it was finally tried."

*Judgment affirmed.*

(Decided 20th June, 1890.)